UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE ROULHAC                                    Case No. 1:07-cv-408

        Plaintiff,                              Dlott, J.
                                                  Black, M.J.

  vs.

SOUTHWEST REGIONAL TRANSIT
AUTHORITY and THE AMALGAMATED
TRANSIT UNION, LOCAL 627

        Defendants.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS TO DISMISS (Docs. 5 & 14) BE GRANTED, ALL PENDING MOTIONS BE DENIED AS MOOT, AND THIS CASE BE CLOSED**

Plaintiff initiated this action on May 29, 2007 by filing a *pro se* complaint against defendants Southwest Ohio Regional Transit Authority ("SORTA") and the Amalgamated Transit Union Local 627 ("ATU Local 627").[2]  Now before the Court are defendants' motions to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted (docs. 5 & 14.)

**I.**

Plaintiff is a former coach operator for SORTA and a former member of ATU Local 627.  Defendant SORTA is a public employer as defined by Ohio Revised Code § 4771.01(B) and a party to a collective bargaining agreement ("CBA") with the ATU that covered plaintiff's employment.  Plaintiff was terminated on March 24, 2005 for

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2]  Plaintiff retained counsel on August 16, 2007.  (*See* Doc. 9).

alleged disciplinary reasons.  (Doc. 5, Ex. A.)

Pursuant to Section 3 of the CBA between SORTA and the ATU, a grievance was filed challenging plaintiff's termination.  (*Id.* at Ex. A, ¶ 4-6).  SORTA and ATU Local 627 timely processed the discharge grievance though the applicable steps of the grievance procedure.  At the first, second, and third steps of the grievance procedure, SORTA denied the grievance.

Pursuant to Section 3 (d) of the parties' CBA, the Union demanded arbitration of the discharge grievance.  SORTA and ATU. Local 627 submitted the dispute to final and binding arbitration over which neutral arbitrator Daniel N. Kosanovich, Esq. presided. (Doc. 5, Ex. A at ¶¶ 7, 8).  The parties conducted a full evidentiary hearing at which ATU Local 627 was represented by legal counsel.  (*Id.* at ¶ 7).  At the close of the evidentiary hearing, the parties agreed to close out the record through the filing of post-hearing briefs. On May 6, 2006, neutral Arbitrator Kosanovich issued his Opinion and Award upholding SORTA's termination of George Roulhac.  (*Id.* at ¶ 8).  The Union's attorney/partisan arbitrator dissented.  (*Id.*).

On August 2, 2006, plaintiff filed an unfair labor practice charge with the Ohio State Employment Relations Board ("SERB").  (Doc. 5, Ex. B).  In his charge with the SERB, plaintiff advanced virtually identical allegations to those now before this Court. On December 26, 2006, SERB dismissed plaintiff's charges of unfair labor practices pursuant to Ohio Revised Code §4117.12 and Ohio Administrative Code Rule 4117-7-01(A).  (Doc. 5, Ex. C).  On April 25, 2007, the SERB denied plaintiff's motion

for reconsideration.  (Doc. 5. Ex. D.)

On August 7, 2006, prior to the dismissal of the unfair labor charges noted above, plaintiff had also filed a state court lawsuit in the Hamilton County Court of Common Pleas seeking to vacate or modify Arbitrator Kosanovich's Opinion and Award.  (Doc. 5, Ex. A.)  The trial court dismissed plaintiff's lawsuit with prejudice and on November 1, 2006, and plaintiff appealed to the Hamilton County, Ohio Court of Appeals.  (Doc. 14, Ex. E.).  On June 28, 2007, the Court of Appeals for the First Appellate District of Ohio, Hamilton County, dismissed Roulhac's Appeal. (Doc. 14, Ex. F.)

On May 29, 2007, plaintiff filed the instant action against SORTA and ATU Local 627.  Plaintiff's complaint alleges that: (1) SORTA knowingly presented false documents; (2) SORTA knowingly denied him the right to view or be heard in defense of himself prior to May 24, 2005; (3) SORTA suspended plaintiff and his Union Representative Andrew Dukes on May 19, 2005; (4) SORTA refused to apply progressive discipline although SORTA had not disciplined plaintiff with a suspension since 2002; (5) SORTA refused to accommodate plaintiff although it allegedly knew that he had a bowel problem in addition to a knee problem; (6) SORTA refused to uphold its own policies and procedural guidelines as defined in its operator's manual; and (7) SORTA merely suspended other employees for five days concerning similar actions that led to plaintiff's termination.  The complaint also alleges that: (1) ATU failed to present similar case (sic); (2) ATU failed to investigate; and (3) coercion by the ATU to change story about events of May 3, 2005.

## II.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)  To that end, for purposes of a motion to dismiss under Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

Similarly, when a defendant moves to dismiss on grounds of lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).  Nonetheless, "the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

In reviewing a Rule 12(b)(1) motion, the district court has wide discretion to allow affidavits, documents, and even to conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325; *Rogers v. Stratton Indus.,* 798 F.2d 913, 916 (6th Cir. 1986); *see also Artis v. Greenspan,* 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing *Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947)).  So long as the court considers matters outside the pleadings only with respect to the issues relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis,* 223 F. Supp. 2d at 152 n.1.

### III.

As noted above, SORTA and ATU Local 627 assert that plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff, however, maintains that he has stated viable claims pursuant to 42 U.S.C. §§ 1981 and 1983, and, therefore, dismissal is improper.  Upon careful review, and for the reasons that follow, the undersigned finds that the Court lacks jurisdiction and therefore recommends that plaintiff's complaint be dismissed.

Pursuant to 29 U.S.C. § 185(a), "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, with respect to the amount in controversy or with regard to the citizenship of the parties."  However, 29 U.S.C. § 152(2) states that "the term 'employer' . . . shall not include . . . any State or political

subdivision thereof . . . or any labor organization (other than when acting as an employer)."

Defendant SORTA is a political subdivision of the State of Ohio and, consequently, a public employer under Ohio Revised Code Chapter 4117.  (Doc. 5, Ex. A at ¶4).  In Ohio, pursuant to Ohio Revised Code Chapter 4117, public employers are to resolve their disputes with union represented employees before the State Employment Relations Board ("SERB").  *See Holt v. State of Ohio & Dept. of Youth Services*, No. C2-05-894, 2006 U.S. Dist. LEXIS 69960 (S.D. Ohio Sept. 27, 2006) (stating that SERB has exclusive jurisdiction to decide matters committed to it pursuant to Ohio Rev. Code Chapter 4117).

Thus, SORTA asserts that these provisions require that a public employer such as SORTA be exempt from federal jurisdiction in an action brought by a union employee seeking relief under a collective bargaining agreement.  *See Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266 (6th Cir. 1990).  The undersigned agrees.

Here, plaintiff filed an unfair labor practice charge with SERB, and SERB ultimately dismissed his charge.  Accordingly, plaintiff's allegations against SORTA (numbered 1-7 in the complaint) are within the exclusive jurisdiction of SERB.

With respect to defendant ATU Local 627, section 301(a) of the Labor Management Relations Act confers subject matter jurisdiction on federal district courts "in contract disputes between an employer and labor organization representing employees in an industry affecting commerce."  29 U.S.C. § 185(a) (emphasis added).  ATU Local

627 asserts that it is neither an employer nor a labor organization within the meaning of the LMRA, nor is this present action a dispute between an employer and a labor organization, and thus plaintiff cannot establish subject matter jurisdiction based upon Section 301. The undersigned agrees. *See Moir,* 895 F.2d at 270.

In his memorandum *contra*, plaintiff's newly retained counsel does not address any of the jurisdictional issues raised by defendant, but he does assert that plaintiff's *pro se* complaint sufficiently alleges claims under 42 U.S.C. §§ 1981 and 1983 for violations of "his constitutional rights to equal protection and due process." Specifically, plaintiff asserts that the arbitration procedure was so grossly inadequate and so tainted that plaintiff seeks to challenge the Ohio statutes governing SORTA, and the internal rules by which it is administered. Plaintiff further asserts that the he was terminated as a result of racial bias in violation of § 1981.

Defendants assert, however, that as matter of law, plaintiff cannot amend his complaint by virtue of a brief in opposition to a motion to dismiss or motion for summary judgment. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal); *see also Com. of Pa. Ex Rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3rd Cir.1988); *Chambliss v. Coca-Cola Bottling Corp.*, 274 F. Supp. 401, 409 (E.D. Tenn. 1967), *aff'd* on other grounds, 414 F.2d 256 (6th Cir. 1969).

Moreover, the allegations in plaintiff's complaint only reference his termination

-7-

from SORTA and events taking place prior to his termination. Nowhere in plaintiff's complaint does he mention a contract or an arbitration proceeding. Plaintiff's complaint does not make any reference to the United States Constitution, due process, or equal protection; nor does the complaint contain any allegations that SORTA was acting under color of state law. Thus, even assuming the complaint could be construed to include such claims, they should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief may be granted.[3]

## IV.

It is therefore **RECOMMENDED** that defendants' motions to dismiss (docs. 5 & 14) be **GRANTED**; all pending motions be **DENIED as MOOT**; and this case be **CLOSED**.


**IT IS SO RECOMMENDED.**


Date: February 1, 2008                          s/Timothy S. Black
                                                Timothy S. Black
                                                United States Magistrate Judge

---

[3] Moreover, any claims of plaintiff under 42 U.S.C. § 1983 would be time-barred by the two year statute of limitations. *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007). And likewise any claims of plaintiff under 42 U.S.C. § 1985 would fail as a matter of law as neither ATU Local 627 nor SORTA were state actors. *See Moose Lodge No. 107* v. *Irvis*, 407 U.S. 163, 173-77 (1972) as to ATU Local 627; as to SORTA, *see McDaniels v. City of Philadelphia*, 56 F. Supp. 2d 578, 579-80 (E.D. Pa. 1999) (*citing Government of the Virgin Islands v. United Industrial Workers, N.A.*, 169 F.3d 172, 175 (3d Cir. 1999)).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


GEORGE ROULHAC                                          Case No. 1:07-cv-408

        Plaintiff,                                     Dlott, J.
                                                        Black, M.J.
   vs.

SOUTHWEST REGIONAL TRANSIT
AUTHORITY and THE AMALGAMATED
TRANSIT UNION, LOCAL 627

        Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

-9-