UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE ROULHAC     Case No. 1:07-cv-408

    Plaintiff,     Dlott, C.J.
                              Black, M.J.
vs.

SOUTHWEST REGIONAL TRANSIT
AUTHORITY and THE AMALGAMATED
TRANSIT UNION, LOCAL 627

    Defendants.

## REPORT AND RECOMMENDATION[1] THAT DEPENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. 31) BE DENIED

This case is before the Court upon defendant Amalgamated Transit Union Local 627 ("ATU Local 627")'s motion for recovery of attorney's fees and costs, totaling $4,452.55 (Doc. 31), and plaintiff's memorandum *contra* (Doc. 34).

## I.

Plaintiff Roulhac was employed as a coach operator for Southwest Ohio Regional Transit Authority ("SORTA") until he was terminated on May 24, 2005. During his employment, Roulhac was a member of ATU Local 627.

Upon his discharge, ATU Local 627 represented Roulhac as a member of Local 627, including processing his grievance through the applicable steps of the grievance procedure, including final and binding arbitration.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

After a full hearing, argument and briefing, neutral arbitrator Daniel N. Kosanovich, Esq. denied plaintiff's grievance and upheld SORTA's decision to discharge him. The decision of the arbitrator was final and binding.

Roulhac then filed an unfair labor practice charge with the Ohio State Employment Relations Board alleging that the Union breached its duty of fair representation. He also filed a civil action in the Hamilton County Court of Common Pleas seeking to vacate or modify the Arbitrator's Award. Both actions were dismissed.

Thereafter, plaintiff filed the instant action in this Court against defendants SORTA and ATU Local 627. Plaintiff's complaint alleged that: (1) SORTA knowingly presented false documents; (2) SORTA knowingly denied him the right to view or be heard in defense of himself prior to May 24, 2005; (3) SORTA suspended plaintiff and his Union Representative Andrew Dukes on May 19, 2005; (4) SORTA refused to apply progressive discipline although SORTA had not disciplined plaintiff with a suspension since 2002; (5) SORTA refused to accommodate plaintiff although it allegedly knew that he had a bowel problem in addition to a knee problem; (6) SORTA refused to uphold its own policies and procedural guidelines as defined in its operator's manual; and (7) SORTA merely suspended other employees for five days concerning actions similar to those which led to plaintiff's termination. The complaint also alleges that: (1) ATU failed to present similar case (*sic*); (2) ATU failed to investigate; and (3) coercion by the ATU to change story about events of May 3, 2005.

Ultimately, this Court dismissed plaintiff's complaint for lack of jurisdiction

because plaintiff failed to establish subject matter jurisdiction based upon Section 301(a) of the Labor Management Relations Act. (Docs. 21, 29).

Additionally, the Court found that plaintiff's *pro se* complaint did not allege claims under 42 U.S.C. §§ 1981 and 1983. This finding by the Court arose notwithstanding that, after the complaint was filed, Plaintiff retained counsel who then first raised civil rights claims in plaintiff's brief in opposition to defendant's motion to dismiss or motion for summary judgment. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal). The Court found further that even if the complaint could be construed to state a claim under § 1983, the claim would be time-barred by the two year statute of limitations. *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007).

## II.

Rule 54(d)(2)(b) of the Federal Rules of Civil Procedure provides that any party seeking attorney's fees must do so by motion and "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought."

In this case, defendant bases its motion for attorney's fees on 42 U.S.C. § 1988, which governs the award of attorney's fees in civil rights cases. Pursuant to § 1988, courts have to discretion to award attorney's fees to the prevailing party. *Mechler v. Hodges*, 2007 WL 782161, 1 (S.D. Ohio 2007) (citing *N.E. v. Hedges*, 391 F.3d 832, 836

(6th Cir.2004)). However, "a prevailing defendant should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir.1994) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). The Supreme Court has cautioned lower courts to "resist the understandable temptation to engage in post hoc reasoning" when deciding a prevailing defendant's motion for attorney's fees "by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).

Critically, where dismissal of purported civil rights action is mandated by lack of subject-matter jurisdiction, defendant is not a "prevailing" party within the meaning of the civil rights attorneys fees statute. *Branson v. Nott*, 62 F.3d 287 (9th Cir. 1995). Moreover, the chilling effect on civil rights litigation of an award of attorneys fee to the defendants may be considered as a factor in determining whether to award fees to defendants under civil rights statute. *Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993).

**III**.

Here, plaintiff's claims were dismissed because plaintiff failed to establish subject matter jurisdiction based upon Section 301(a) of the Labor Management Relations Act. Moreover, the Court found that plaintiff's complaint did not assert any claims under 42 U.S.C. §§ 1981 and 1983. Thus, the undersigned concludes that defendants are not prevailing parties pursuant to § 1988, because defendants did not prevail on claims brought against them under §§ 1981 and 1983.

Even assuming, however, that the complaint could be construed to include such claims, the undersigned finds that plaintiff's action was not frivolous and/or unreasonable. Plaintiff attempted to regain his employment and/or to obtain compensation for what he believed to a wrongful termination from his gainful employment with SORTA, and plaintiff believed that the Union defendant failed to represent his interests in an adequate manner. Moreover, plaintiff attached to his complaint what he believed to be evidence supporting his complaint. In this context, the undersigned concludes that an award of attorneys fees to defendants would indeed convey a chilling effect on civil rights litigation.

Accordingly, under the circumstances of this case, the undersigned concludes that an award of attorneys fees to defendants under § 1988 is not warranted. *See Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993)

**IV**.

Based on the foregoing, it is therefore **RECOMMENDED** that defendant's motion for attorney's fees (Doc. 31) be **DENIED**.


Date: February 23, 2009                              s/Timothy S. Black
                                                                            Timothy S. Black
                                                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE ROULHAC                                      Case No. 1:07-cv-408

    Plaintiff,                                    Dlott, C.J.
                                                Black, M.J.

vs.

SOUTHWEST REGIONAL TRANSIT
AUTHORITY and THE AMALGAMATED
TRANSIT UNION, LOCAL 627

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).